R. H. TERRY et al., Appellants,

v.

J. E. HOWARD et al., Appellees.

No. 19042.

Court of Civil Appeals of Texas, Dallas.

Dec. 7, 1976.

Rehearing Denied Jan. 6, 1977.

**67**

Stewart R. Miller, Dallas, for appellants.

Jonathan H. Allen, Lancaster, for appellees.

CLAUDE WILLIAMS, Chief Justice.

Roy H. Terry, F. S. Terry, Robert H. West, Lorraine West, and A. Due West brought this action in the District Court against J. E. Howard and numerous other defendants seeking to clear title to eighteen tracts of land in Dallas County. Most of the defendants were served with citation by publication. Subsequently, the trial court appointed ten attorneys ad litem to represent all defendants that had been served with citation by publication. Thereafter, all plaintiffs, with the exception of A. Due

West, took a nonsuit against the defendants, thereby discharging a majority of the attorneys ad litem from their responsibility. Seven of such attorneys were completely discharged, while three were discharged only as to the claims of the nonsuiting plaintiffs, but continued to represent the remaining defendants as to the claims of the sole remaining plaintiff, A. Due West. An order of nonsuit was entered by the court on March 4, 1975, and on March 9, 1976, the sole remaining plaintiff, A. Due West, nonsuited one of his four claims. Consequently, one more attorney ad litem was discharged from his appointment. On May 6, 1976, a final judgment was entered by the court which awarded West a judgment on his three remaining claims. The court also awarded attorneys' fees for all ten attorneys ad litem against the sole remaining plaintiff and against all of the original plaintiffs, jointly and severally, contrary to plaintiff's motion that all costs be taxed against plaintiffs actually incurring the same. No costs were taxed against the defendants in regard to the claims upon which West prevailed.

The appellant, A. Due West, appealed from that judgment contending that the trial court erred: (1) in its failure to tax any of the court costs against any of the defendants; (2) in taxing all court costs against the plaintiffs jointly and severally; and (3) in awarding to the attorneys ad litem any attorneys' fees.

■ Although appellant West obtained in a final judgment title to an undivided one-half interest in the tract of land originally owned by three defendants, the trial court refused to tax any of the costs against said defendants contrary to Tex.R.Civ.P. 802. This rule states:

Where the defendant claims the whole premises, and the plaintiff shows himself entitled to recover part, the plaintiff shall recover such part and costs.

This rule has been interpreted in *Dupont v. Texas & N. O. R. Co.*, 158 S.W. 195, 197 (Tex.Civ.App.—Galveston 1913, writ ref'd) to mean that in trespass to try title actions where plaintiff only recovers a portion of

the land in controversy, he is still entitled to recover his costs. Although appellee cites *Bruni v. Vidaurri*, 140 Tex. 138, 166 S.W.2d 81, 96 (1942) for the proposition that attorneys' fees, for representing a defendant whose place of residence is unknown and who was cited by publication, should be taxed against the successful plaintiff because no personal judgment can be rendered against the defendant for costs, this rule is not applicable in the case at bar because the trial court's judgment states that Caroline Barbara Hoedebeck Giardina and David James Hoedebeck made a personal appearance in the cause, and Jerome Cletus Hoedebeck made an appearance and waived citation. Consequently, we hold that the trial court erred in assessing the costs and attorneys' fees pertaining to the portion of the litigation concerning this tract of land and should have assessed the court costs and attorney ad litem fees relevant to claims upon which West prevailed against David James Hoedebeck, Jerome Cletus Hoedebeck and Caroline Barbara Hoedebeck Giardina. Although judgment was also entered against Cletus C. Hoedebeck, he did not contest the matter but instead filed an appearance and disclaimer to any interest in the litigation, and should not be assessed a percentage share in the court costs and attorney ad litem fees.

■ Appellant also contends that the trial court erred in taxing all costs of court including attorney ad litem fees against all the plaintiffs jointly without dividing among each plaintiff the fees which were incurred with respect to the litigation concerning the respective tracts of land to which that plaintiff claimed title. Tex.R. Civ.P. 244 provides that the court shall allow the attorney appointed to represent a defendant served by publication a reasonable fee for his services which should be taxed as part of the costs. Therefore, it is apparent that the court properly taxed the costs against the plaintiffs in this cause except for those costs discussed above. However, we do not believe the court acted in accordance with Tex.R.Civ.P. 125 by taxing costs against all plaintiffs jointly. That

rule provides that each party to a suit is liable for all costs incurred by himself. In order to comply with the spirit of this rule, it is the duty of the court to determine the costs involved with respect to each tract of land and the fees of the attorney ad litem appointed to represent that defendant and to assess those costs and fees against the plaintiff suing for title to that particular tract.

■ Appellant argues that, regardless of the merits, this contention cannot be raised herein because it is presented for the first time on appeal. *Barker v. Weingarten Riverside Co., Inc.*, 232 S.W.2d 692, 696 (Tex. Civ.App.—Beaumont 1950, writ ref'd n. r. e.). However, included in the transcript in this cause is appellant's motion to tax costs which was filed prior to the entry of judgment. This motion specifically sets out appellant's request which is the subject of his contention on appeal, and we believe this is sufficient to have brought this subject to the attention of the trial court. Consequently, we hold that the trial court erred in assessing costs jointly against the plaintiffs, and in the interest of justice this cause should be remanded for the trial court to determine the proper costs to be taxed against each plaintiff.

■ The appellant contends that the trial court did not have jurisdiction to award attorneys' fees because the order of nonsuit was a final judgment or in the alternative an order was not required since the filing of the motion makes a nonsuit mandatory. The appellant argues that in either case the thirty-day jurisdictional period had elapsed prior to entry of the judgment adjudicating the entire cause.

■ We recognize that it is the absolute right of a party, subject only to the Rules of Civil Procedure, to take a nonsuit in a judicial proceeding when no affirmative relief is sought by the defendant, and that a timely motion for nonsuit cannot be denied by the trial court. *Renfro v. Johnson*, 142 Tex. 251, 177 S.W.2d 600, 602 (1944). The plaintiffs filed their motion of nonsuit on July 18, 1974, and subsequently filed an affidavit of nonsuit on August 8, 1974. The judgment dismissing the applicable defendants from this suit was entered by the court on March 4, 1975, some seven and one-half months later. This judgment does not purport to be a final judgment, and in fact the court referred to it as an interlocutory judgment in the final judgment entered on May 6, 1976. Since no order of severance and final judgment concerning that part of the litigation was entered at the time the nonsuit was granted, we must consider the judgment of nonsuit as a partial interlocutory judgment which was made final on May 6, 1976. Also, the mere filing of a motion of nonsuit cannot begin to run the court's jurisdictional time period since a rendition of final judgment is required. Tex.R.Civ.P. 329b. Consequently, appellant's argument that the trial court had lost jurisdiction to adjudicate attorneys' fees in its final judgment because the order of nonsuit was final and the thirty-day jurisdictional period had elapsed must be overruled.

■ Appellant also argues that since the defendants were nonsuited, the plaintiffs should not be assessed any attorneys' fees regarding those defendants. We cannot agree. When the attorneys ad litem were appointed by the court, all plaintiffs were maintaining a cause of action against the defendants. Since the defendants were served by publication, our Rules of Civil Procedure require the court to appoint attorneys to represent their interest. To allow the plaintiff, who sues a defendant served by publication to subsequently nonsuit that defendant in order to escape assessment of attorneys' fees which were required because of the litigation he instigated, would be manifestly unjust and would de facto defeat the purpose of the rule by denying the defendant effective representation.

■ Finally, appellant argues that the trial court erred in the amount of attorneys' fees awarded. However, appellant has not produced a record before this court showing the evidence considered by the trial court in making the award. Consequently, we can-

not hold that the trial court erred in the amount of attorneys' fees awarded.

Accordingly, we reverse the judgment of the trial court and remand the cause for further proceedings to allocate the court costs and attorneys' fees to each tract of land and assess the same against the plaintiff seeking title to that tract and to determine the appropriate amount of costs and attorneys' fees to be assessed against defendants, David James Hoedebeck, Jerome Cletus Hoedebeck and Caroline Barbara Hoedebeck Giardina.

Reversed and remanded with instructions.