**Robert G. OAKE, Petitioner,**

v.

**COLLIN COUNTY, et al., Respondents.**

No. C–3801.

Supreme Court of Texas.

June 12, 1985.

Rehearing Denied July 17, 1985.

Robert G. Oake, Jr., Law Offices of Frank L. Branson, P.C., Dallas, for petitioner.

Boyd, Veigel, Gay & McCall, Inc., John R. Stooksberry, McKinney, for respondents.

GONZALEZ, Justice.

This is an appeal from the granting of a summary judgment in a property tax suit. The primary issue we face requires us to decide who bears the burden of proving the location of the county boundary line on a tract that is in more than one county. The trial court held it was the taxing authority's burden. The court of appeals disagreed and reversed the judgment. 682 S.W.2d 359 (1984). We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Robert G. Oake sued various Collin County taxing entities for a declaratory judgment that the boundary line between Dallas and Collin County is indefinite on

his property, and for an injunction restraining those taxing entities from assessing or collecting taxes on his property until the location of the line is determined. It is undisputed that the boundary line runs somewhere through Oake's property. It is also undisputed that the exact location of the boundary line cannot be ascertained without an extensive survey.

From 1969 to 1980, Oake paid all taxes in full on his property to Dallas County and Richardson Independent School District, which is located primarily in Dallas County. During this time, none of the Collin County taxing entities attempted to tax Oake because of an agreement between the Dallas and Collin County tax assessors. The agreement apparently ended in 1981. Thereafter, various Collin County taxing entities asserted the right to assess and collect taxes on that portion of Oake's property they determined to be situated within their respective confines for 1981 and subsequent years.

The trial court rendered summary judgment in favor of Oake and enjoined the taxing entities from assessing or collecting taxes on Oake's property until the boundary line between Dallas and Collin Counties was established. However, the trial court denied Oake attorney's fees under the Declaratory Judgment Act.

All parties appealed. The applications of all but Collin County and Oake were dismissed for failure to file appeal bonds. The court of appeals reversed the summary judgment, dissolved the injunction, and remanded the cause to the trial court, reasoning that Oake bore the burden of proving his land was not located in Collin County. In his application to this court, Oake argues that the court of appeals erred in shifting to him the ultimate burden of proving taxable situs. He also urges this court to award him attorney's fees and tax Collin County with costs.

■ The Texas Constitution provides that all property shall be assessed for taxation in the county where it is located. Tex. Const. art. VIII, § 11. Section 21.01 of the Tax Code provides that "[r]eal property is

taxable by a taxing unit if located in the unit on January 1." Thus, it was incumbent upon Collin County to prove that all of the land it sought to tax was situated within its geographical boundaries. It is uncontroverted that the amount of Oake's land lying within the boundaries of Collin County cannot be determined.

■ The rule enunciated in the Texas Constitution and the Tax Code dictates that a taxing authority must prove its entitlement to collect taxes by showing that the property it seeks to assess has a taxable situs within the limits of its boundaries. *Cf. Nacogdoches Independent School District v. McKinney,* 504 S.W.2d 832, 837 (Tex.1974). To satisfy this burden, Collin County relies upon the presumption in favor of the tax assessor that its assessment was proper. *Cf. Nolan v. San Antonio Ranch Co.,* 81 Tex. 315, 16 S.W. 1064, 1065 (1891). However, this presumption is rebuttable. In the present case, Oake rebutted the presumption by proving that the county cannot locate its own boundary. We hold that the county bears the burden of identifying the location of its own boundary line. The taxpayer in this case, as in most cases, lacks the legal authority to establish the boundary line on behalf of the county.

■ Oake further complains that the court of appeals erred in failing to dispose of his point challenging the trial court's refusal to award him attorney's fees. The Texas Uniform Declaratory Judgments Act, Tex.Rev.Civ.Stat.Ann. Art. 2524–1, § 10 (Vernon Supp.1985) provides that the court may award "reasonable and necessary attorney's fees as may seem equitable and just." Therefore, the grant or denial of attorney's fees in a declaratory judgment action lies within the discretion of the trial court, and its judgment will not be reversed on appeal absent a clear showing that it abused that discretion. *See Cypress Creek Utility Services v. Muller,* 624 S.W.2d 824, 827 (Tex.App.—Houston [14th Dist.] (1981), *aff'd,* 640 S.W.2d 860 (Tex. 1982); *Espinoza v. Victoria Bank & Trust*

*Co.,* 572 S.W.2d 816, 828 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). A review of the record shows no abuse of discretion.

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.