**A.H. BELO CORPORATION d/b/a The Dallas Morning News, Appellant,**

v.

**SOUTHERN METHODIST UNIVERSITY, Texas Christian University, Baylor University and William Marsh Rice University, Appellees.**

No. 05–86–00979–CV.

Court of Appeals of Texas,
Dallas.

July 13, 1987.
Rehearing Denied Aug. 24, 1987.

William D. Sims, Paul C. Watler, Dallas, for appellant.

Stan McMurray, Lori B. Finkelston, Robert W. Jordan, Robert W. Katner, Kurt A. Kappes, Gerald R. Powell, Newton J. Jones, Dallas, TX, John H. Cayce, Jr., Fort Worth, for appellees.

Before STEPHENS, BAKER and McCRAW, JJ.

STEPHENS, Justice.

A.H. Belo Corporation d/b/a The Dallas Morning News (Belo) filed a petition for writ of mandamus to require the athletics departments of Southern Methodist University (SMU), Texas Christian University (TCU), William Marsh Rice University (Rice), and Baylor University (Baylor), (referred to hereinafter collectively as "private schools"), as well as the University of Texas (UT), University of Houston (UH), and Texas A & M University (A & M), (referred to hereinafter collectively as "state schools"), to make certain documents available for inspection and copying under the Texas Open Records Act (TORA). TEX.REV.CIV.STAT.ANN. art. 6252–17a (Vernon Supp.1987). The private schools sought a declaratory judgment, asserting that their athletics departments are not "governmental bodies" subject to TORA. The private schools later filed a motion for summary judgment against Belo and in support of their motion for declaratory judgment. Belo filed a motion for partial summary judgment alleging that the athletics departments of the private schools are "governmental bodies" subject to TORA. The trial court granted the private schools' motion for summary

judgment and denied Belo's motion. It is from this judgment that Belo appeals, asserting eight points of error. We hold that the trial court did not err in its judgment and overrule Belo's points of error.

Belo filed its petition for writ of mandamus on October 16, 1985, after the private and state schools failed to comply with its request, allegedly authorized by TORA, allowing access to all documents relating to "inquiries, investigations or enforcement proceedings" involving the schools' athletics programs, conducted during the time period from January 1, 1983, through September 24, 1985, by: the school itself, the National Collegiate Athletic Association (NCAA), or the Southwest Athletic Conference (SWC). The trial court limited the scope of discovery to whether the private schools' athletics departments are "governmental bodies" under TORA and later terminated discovery by a December 16, 1985 order. Belo filed a motion to recuse the trial judge on February 28, 1986, after learning that he is a member of the Mustang Club, an official SMU athletic booster organization. A hearing was conducted and Belo's motion to recuse was denied.

On March 17, 1986, a memorandum opinion and interlocutory judgment were entered, and after conducting hearings on the issue of attorneys' fees, the trial court entered a final judgment on June 30, 1986.

In its first point of error, Belo asserts that the failure to recuse the trial court judge was an abuse of discretion. We disagree. The trial judge is an SMU alumnus who has monetarily contributed to the university's athletic fund-raising organization, the Mustang Club. Belo relies on the NCAA Constitution when it maintains in its motion that the judge should have been recused because his membership in the club "means that he is a 'representative of the institution's athletic interest' under Section 2(c) of Article Three of the NCAA Constitution." This is the *sole* basis of Belo's contention that the judge should have been recused. Belo's argument is without merit. The NCAA Constitution's definition of "representative" is of no legal consequence in the present determination of the issue of recusal.

In reviewing the denial of a motion to recuse, this court employs an abuse of discretion standard. TEX.R.CIV.P. 18a(f). The Texas Supreme Court stated in *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986), that the test for abuse of discretion is "whether the court acted without reference to any guiding rules and principles." There is some dispute between the parties concerning the proper guiding rule to use to determine if a judge is disqualified to preside over a case. The Texas Constitution states:

No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case.

TEX. CONST. Art. V, § 11. These enumerated grounds are inclusive and exclusive. *Love v. Wilcox,* 119 Tex. 256, 28 S.W.2d 515 (1930); *Rocha v. Ahmad,* 662 S.W.2d 77, 78–79 n. 2 (Tex.App.—San Antonio 1983, no writ). We hold that under the facts in this case, there has been no abuse of discretion; the Texas Constitution controls. Belo's first point of error is overruled.

In points of error two and three, Belo asserts that the trial court erred in granting the private schools' motion for summary judgment and denying its motion for partial summary judgment on the issue of whether the private schools' athletics departments are "governmental bodies" under TORA, and in concluding that "public funds" received were not used for the "general support" of the private schools' athletics departments. By cross-point, Rice and Baylor assert that the trial court erred by characterizing the money distributed by the SWC to the private schools as "public funds."

TORA lists several definitions for the term "governmental body." The definition

applicable in the present case states that "governmental body" means

the part, section, or portion of every organization, corporation, commission, committee, institution, or agency which is supported in whole or in part by public funds, or which expends public funds....

TEX.REV.CIV.STAT.ANN. art. 6252–17a, § 2(1)(F) (Vernon Supp.1987). In order to determine if the private schools' athletics departments are governmental bodies, as Belo asserts, this court must first determine whether "public funds" were used to support the private schools' athletics departments, or whether "public funds" were expended by them. "Public funds" is defined by TORA to mean "funds of the State of Texas or any governmental subdivision thereof." TEX.REV.CIV.STAT.ANN. art. 6252–17a, § 2(1)(F). We conclude that the funds in question are not public funds.

■ The monies generated by the schools' athletic departments are subject to a pre-determined disbursement formula established by contracts and/or the SWC by-laws. The private and state schools receive the gate receipts and broadcasting fees for the athletic events. Pursuant to the agreements between the schools and the SWC, the schools involved in the athletic competition retain a predetermined amount of the gate receipts, (the percentage varies for different sporting events), and a predetermined amount of the broadcasting fees. The remaining monies are held, in accordance with the contractual arrangement, for the SWC and the remaining schools. This money does not vest in the school participating in the event; the school is merely a conduit or collecting agent to pass the funds on to the SWC. The SWC retains an amount equal to its predicted, annual budget for the subsequent twelve months and the remainder is distributed to the member schools in equal shares. The monies forwarded to the private schools by the SWC are contractual payments and are not public funds.

■ We hold that the private schools are not "governmental bodies" as defined under TORA, because they are not supported by public funds, nor do they expend public funds. Belo's points of error two and three are overruled and Rice and Baylor's cross-point one is sustained. As we have held that the private schools' athletics departments are not governmental bodies under TORA, it is not necessary to address Rice's cross-point that the trial court erred in not considering the Attorney General's letter opinion which states that Rice's athletics department is not a governmental body.

■ In points of error four and five, Belo asserts that the trial court erred in granting the private schools' motion for summary judgment as there was a genuine issue of material fact. Belo claims that conflicting inferences may be drawn from the evidence regarding whether the private schools' receipt of public funds was a result of providing "a measurable amount of services in exchange for a certain amount of money as would be expected in a typical arms-length contract for services between a vendor and purchaser."

Belo's argument that a fact question exists is based upon Texas Attorney General Open Records Decision number 228 in which North Texas Commission (NTC) received a request for information under TORA. NTC contended that the public funds it received from governmental entities were paid pursuant to a contract to provide services. The Texas Attorney General found that the contract did not impose a specific and definite obligation on NTC and that, therefore, NTC was subject to TORA because at least a portion of the *public funds* paid to it were being used "for the general support of [NTC] rather than being attributable to specific measurable services." Tex. Att'y Gen. ORD–228 (1979). [This same reasoning was followed in Tex. Att'y Gen. ORD–302 (1982) (Brazos County Industrial Foundation is supported in part by public funds), and Tex. Att'y Gen. ORD–JM–116 (1983) (Gulf Star Conference is supported by public funds).]

The question of whether a measurable amount of services was provided by the private schools in exchange for the monies received is not reached *unless* public funds

are expended. As we have held that the private schools did *not* receive public funds, it is established that facts do not exist concerning a threshold element of Belo's assertion. *See American Petrofina Co. v. Crump Business Forms, Inc.*, 597 S.W.2d 467, 470 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). Belo's points of error four and five are overruled.

In its sixth point of error Belo claims that the trial court erred in terminating discovery. Belo's complaint is centered on the argument that, had it been "permitted to pursue the discovery it sought, [Belo] would have developed admissible evidence regarding whether [the private schools] provide specific services in exchange for specific payments."

As we have stated in our discussion of points of error four and five, the question of whether specific services were provided in exchange for payment is not pertinent to this appeal. The trial judge has wide latitude in making decisions concerning discovery and its decision will not be set aside unless there is a clear showing of abuse of discretion. *See Teer v. Duddleston*, 641 S.W.2d 569, 579 (Tex.App.—Houston [14th Dist.] 1982), *rev'd on other grounds*, 664 S.W.2d 702 (Tex.1984); *Durham v. Cannan Communications, Inc.*, 645 S.W.2d 845, 847 (Tex.App.—Amarillo 1982, writ dism'd). The test for abuse of discretion is whether the court acted arbitrarily or unreasonably, without reference to any guiding rules and principles. *See Downer*, 701 S.W.2d at 241–42. We hold that the trial court did not abuse its discretion. Belo's sixth point of error is overruled.

In its seventh and eighth points of error, Belo asserts that the trial court abused its discretion in awarding attorneys' fees to the private schools and that the fees awarded were excessive. The trial court held hearings on March 24 and April 9, 1986, to review the requests for attorney fees. The court's final judgment awarded: SMU—$60,000; Baylor—$24,000; Rice—$48,000; and TCU—$46,000. The court also provided for additional awards of $5,000 to each successful defendant on appeal; $3,500 for writ of error to the Texas Supreme Court; and $5,000 if the application for writ of error is granted.

The Declaratory Judgments Act specifically provides that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986) (formerly TEX. REV.CIV.STAT.ANN. art. 2524-1 § 10). The grant or denial of attorneys' fees in a declaratory judgment action lies within the discretion of the trial court, and its judgment will not be reversed on appeal absent a clear showing that it abused its discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985); *Contact Products, Inc. v. Dixico Inc.*, 672 S.W.2d 607, 610 (Tex.App.—Dallas 1984, no writ). Factors to be considered in determining the reasonableness of the attorneys' fees awarded include: time and labor involved, nature and complexities of the case, the value of the interest involved, the extent of the responsibilities assumed by the attorney, and the benefits resulting to the client from the attorney's services. *See Morgan v. Morgan*, 657 S.W.2d 484, 491–92 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd).

After reviewing the testimony presented at the hearings on attorneys' fees, we hold that the trial court did not abuse its discretion, *see Downer* 701 S.W.2d at 241–42, as it acted with reference to the guiding rules and principles outlined above in making its determination of proper attorneys' fees. Belo's points of error seven and eight are overruled. The trial court's judgment is affirmed.