**William E. PAGE, Appellant,**

v.

**Bettye Lou PAGE, Appellee.**

No. 2–89–037–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 8, 1989.

Loe, Warren, Rosenfield, and Mark J. Rosenfield, Fort Worth, for appellant.

**2**

DeForrest Tiffany, Fort Worth, for appellee.

Before HILL, FARRIS and KELTNER, JJ.

## OPINION

KELTNER, Justice.

The issue in this appeal is whether the trial court erred in dismissing an entire lawsuit, based upon a petitioner's motion for nonsuit, when the respondent had requested attorney's fees and costs pursuant to sections 11.18 and 14.33 of the Family Code and sanctions pursuant to TEX.R. CIV.P. 13 for frivolous pleadings. TEX. FAM.CODE.ANN. sec. 11.18 (Vernon 1986) & sec. 14.33 (Vernon Supp.1989).

We hold the trial court erred in dismissing the entire lawsuit because the respondent had asserted claims for affirmative relief. As a result, we reverse the trial court judgment and remand for a new trial.

The petitioner, Bettye Lou Page, brought suit against respondent, William Page, seeking a divorce from a purported common-law marriage. In the petition, the petitioner alleged that she and respondent were the parents of a minor child and sought payments for support of the child. The respondent denied the common-law marriage and paternity of the child. Specifically, the respondent alleged that during the period the petitioner claimed a common-law marriage existed, she was married to another man and as a result, a common-law marriage was not possible under the laws of the State of Texas as they existed at that time. He also alleged the minor child was born during the pendency of the marriage of the petitioner to another man and as a result, was a legitimate child of that marriage.

Additionally, respondent alleged the entire suit was frivolous. As a result, he sought damages pursuant to TEX.R.CIV.P. 13 and award of attorney's fees and costs pursuant to sections 11.18 and 14.33 of the Texas Family Code. He also sought reimbursement for all child support payments he had formerly made to the petitioner under temporary orders, and a declaration that he was not the child's father.

Four years after the petitioner filed her petition, the case was called for trial. At that time, the petitioner moved for a non-suit, which was promptly granted by the trial court in accordance with TEX.R. CIV.P. 162. However, over the objections of the respondent, the trial court also dismissed his claims for frivolous lawsuit sanctions, attorney's fees and costs, and reimbursement for child support payments.

On motion for new trial, the respondent urged that his claims were for affirmative relief and could not be dismissed by petitioner's nonsuit. After the hearing, the trial court filed findings of fact and conclusions of law. In the conclusions of law, the trial court concluded, "[appellant's petition does] not contain a cause of action in the form of a request for affirmative relief."

We disagree with the trial court's conclusion.

Texas has adopted a liberal rule for the construction of pleadings. *Gulf, Colorado & Santa Fe Railway Co. v. Bliss*, 368 S.W.2d 594 (Tex.1963). In essence, Texas courts hold that pleadings are construed liberally in favor of the pleader. As a result, the court will look to the pleader's intentions and the pleadings will be upheld even if some element or cause of action has not been specifically alleged or set out. *Id.* at 599. *See also Mercedes–Benz of North America, Inc. v. Dickenson*, 720 S.W.2d 844, 853–54 (Tex.App.—Fort Worth 1986, no writ).

The claim for frivolous lawsuit damages is a claim for affirmative relief. However, because of the unusual facts of this case, the trial court's dismissal of that cause of action does not constitute reversible error.

TEX.R.CIV.P. 13 was amended, effective January 1, 1988, to provide sanctions for the filing of frivolous pleadings. The rule provides in pertinent part:

The court *may not* impose sanctions for violation of this rule if, before the 90th day after the court makes a determination of such violation or prior to the

expiration of the trial court's plenary power, whichever first occurs, the offending party withdraws or amends the pleading, motion or other paper, or offending portion thereof to the satisfaction of the court.

*Id.* (emphasis added).

In the instant case, our record does not reflect that respondent asked the court to make a determination that the petitioner's pleadings constituted a violation of Rule 13. Additionally, the petitioner effectively withdrew her pleadings by taking a nonsuit before the court was asked to make that determination.

Therefore, even though a request for Rule 13 sanctions is a request for affirmative relief, the court could not grant that relief under the terms of the rule because the allegedly offensive pleading was withdrawn before the court made a determination of whether the pleading violated Rule 13.

■ A claim for attorney's fees pursuant to section 11.18 of the Family Code is a request for affirmative relief. *Wolters v. White*, 659 S.W.2d 885, 888 (Tex.App.—San Antonio 1983, writ dism'd). Therefore, the trial court erred in dismissing the respondent's request for attorney's fees together with dismissing the petitioner's pleadings pursuant to a nonsuit. The respondent also claimed entitlement to attorney's fees pursuant to section 14.33 of the Family Code. However, that provision of the Family Code only allows attorney's fees in enforcement suits from previous court orders. As a result, respondent was not entitled to attorney's fees under that section of the act.

■ Finally, the respondent contends he is entitled to the return of all court ordered child support payments if he alleges he is not the father of the child. This is a request for affirmative relief and the trial court erred in concluding that it was not.

For the reasons expressed above, the respondent's second amended original answer sought affirmative relief in the form of attorney's fees pursuant to section 11.18 and the return of child support payments

ordered by the court. We do not express any opinion on the viability of these causes of action or of the viability of the pleading if faced with special exceptions. We hold the trial court could not dismiss these claims upon a conclusion that they were not claims for affirmative relief.

■ Respondent requests that we reverse the judgment of the trial court and render judgment in his favor that "no common-law marriage and no paternity" exist. Respondent cites us no cases which would support this proposition. To the contrary, we are not empowered to enter judgment on fact findings and conclusions of law never considered by the trial court. Therefore, we deny respondent's request to reverse and render.

Instead, we reverse the trial court's judgment and remand this case to the trial court for a consideration of respondent's requests for affirmative relief. Because we have both accepted and rejected parts of the respondent's argument, we order that each party bear one-half of the costs of this appeal.