LYCO ACQUISITION 1984 LIMITED PARTNERSHIP and Lyco Energy Corporation, Appellants,

v.

The FIRST NATIONAL BANK OF AMARILLO, Appellee.

No. 07–92–0263–CV.

Court of Appeals of Texas, Amarillo.

March 19, 1993.

Opinion Overruling Motion for Rehearing Aug. 26, 1993.

Lemon, Shearer, Ehrlich, Phillips & Good, Mitchell G. Ehrlich, Perryton, for appellants.

Lumpkin, Barras, Reavis, & Bunkley, Don H. Reavis, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

POFF, Justice.

Appellants Lyco Acquisition 1984 Limited Partnership and Lyco Energy Corporation (collectively Lyco), as an overriding royalty interest owner in seven Moore County oil wells since August 1984, sued the operator of the wells, Jelmo Oil Company, for $195,-050.47 in unpaid casinghead gas proceeds. On April 30, 1991, Lyco deposed Jelmo's president, Wallace L. Bruce. Through Bruce's deposition, Lyco learned (1) that Jelmo had actually issued 25 checks totaling $188,854.46 payable to Lyco as the owner of the overriding royalty interest; (2) that on March 10, 1986, Jelmo had forged Lyco's endorsement on each of the 25 checks and then deposited the checks into various escrow accounts at the First National Bank of Amarillo; and (3) that in November 1989, Bruce and Robert C. Dallas, a Jelmo shareholder and director, converted the money in the escrow accounts to their personal use. The checks were never delivered to Lyco. Based on this information, Lyco amended its original petition to add the First National Bank of Amarillo (the Bank), appellee, as a defendant. Lyco alleged a cause of action

against the Bank for conversion. The Bank, however, moved for summary judgment and the trial court granted the Bank's motion, severing Lyco's cause of action against the Bank from Lyco's cause of action against Jelmo and others. From the trial court's final order of summary judgment, Lyco appeals by a single point of error in which it claims the court erred in granting summary judgment. We will overrule Lyco's point of error.

■ The trial court's order of summary judgment did not state the specific grounds upon which it was granted. Accordingly, to prevail on appeal, Lyco must show that each of the independent arguments alleged in the Bank's motion for summary judgment is insufficient to support the summary judgment order. *Rogers v. Ricane Enters.*, 772 S.W.2d 76, 79 (Tex.1989); *Hayes v. E.T.S. Enters.*, 809 S.W.2d 652, 655 (Tex.App.—Amarillo 1991, writ denied). The Bank urged two grounds for summary judgment. First, the Bank advanced a statute of limitations defense. Second, the Bank contended that a cause of action for conversion could not be maintained because the 25 checks were never delivered to Lyco. We will initially address the statute of limitations question for if we find limitations has run, the question of the delivery of the checks need not be addressed.

Pursuant to Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986), a person must bring suit for conversion of personal property no more than two years after the day the cause of action accrues. *Hansler v. Mainka,* 807 S.W.2d 3, 5 (Tex.App.—Corpus Christi 1991, no writ). An instrument is converted when it is paid on a forged endorsement. Tex.Bus. & Com.Code Ann. § 3.419(a) (Vernon 1968). It is uncontroverted that the Bank paid on a forged endorsement on March 10, 1986, when the 25 checks were deposited into one or more escrow accounts at the Bank. The question before us is whether Lyco's cause of action for conversion necessarily accrued at that time.

■ If the two-year statute of limitations began to run on March 10, 1986, then Lyco would have had to sue the Bank for conversion no later than March 10, 1988. Lyco did not file suit against the Bank until May 9,

1991. Lyco contends, however, that the statute of limitations did not begin to run until April 30, 1991, the date it acquired actual knowledge of the conversion. We cannot agree with Lyco's contention.

■ Absent allegations of fraud, the discovery rule does not apply to toll limitations in cases grounded solely in a commercial paper context. *Cathey v. First City Bank of Aransas Pass,* 758 S.W.2d 818, 822 n. 3 (Tex.App.—Corpus Christi 1988, writ denied).

> [T]he "discovery rule" does not apply to toll the statute of limitations where a bank is sued for conversion on a forged endorsement. In such cases, limitations can only be tolled by proof of the bank's fraudulent concealment of the transaction.

*Southwest Bank & Trust Co. v. Bankers Commercial Life Ins. Co.,* 563 S.W.2d 329, 332 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.).

The summary judgment record contained no evidence of any fraudulent concealment on the part of the Bank. Accordingly, the discovery rule does not apply to toll the statute of limitations in this case. Lyco's cause of action against the Bank for conversion was filed too late. Having found Lyco's conversion action to be barred, we need not address the Bank's lack-of-delivery defense. We therefore find the trial court did not err in granting the Bank's motion for summary judgment. Lyco's solitary point of error is overruled.

■ Having found that the court's order of summary judgment was proper, we reach a contention by the Bank, advanced in three points of error, that the trial court erred in finding the Bank was not entitled to recover attorney's fees. The Bank contends that attorney's fees were recoverable under the Uniform Declaratory Judgments Act, Tex. Civ.Prac. & Rem.Code Ann. § 37.009 (Vernon 1986), as well as under the Texas Trust Code, Tex.Prop.Code Ann. § 114.064 (Vernon Supp.1993). We will first discuss the recovery of attorney's fees under the Uniform Declaratory Judgments Act.

■ In response to the suit brought by Lyco, the Bank filed an answer as well as a counterclaim for declaratory judgment. Reduced to its essence, the Bank's counterclaim for declaratory judgment requested the court to declare that it had no liability to Lyco upon the claims asserted by Lyco. This was also the essence of the Bank's answer. Therefore, the Bank had no need whatsoever to file a declaratory judgment action. In fact, a declaratory judgment was not available to the Bank. As we declared in *In re Estate of Kidd*, 812 S.W.2d 356, 359 (Tex. App.—Amarillo 1991, writ denied):

> The proposition has long been settled that an action for declaratory judgment may not be entertained if there is pending, at the time it is filed, another action between the parties in which the same issues may be adjudicated. A counterclaim presenting no new controversies, but brought solely to pave the way for recovery of attorney's fees, is improper.

*See also John Chezik Buick Co. v. Friendly Chevrolet Co.*, 749 S.W.2d 591, 594 (Tex. App.—Dallas 1988, writ denied); *Johnson v. Hewitt*, 539 S.W.2d 239, 240–41 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ); *Joseph v. City of Ranger*, 188 S.W.2d 1013, 1014–15 (Tex.App.—Eastland 1945, writ ref'd w.o.m.). There is no question that in this case the Bank attempted to invoke the Uniform Declaratory Judgments Act to determine rights in a suit that was already pending. Since the Uniform Declaratory Judgments Act was unavailable to the Bank, it follows that the Bank could not be awarded attorney's fees under the act. *Richter, S.A. v. Bank of America Nat'l Trust & Savs. Ass'n*, 939 F.2d 1176, 1197 (5th Cir.1991) ("If a declaratory judgment action involves issues already before the court, then the party is not entitled to attorney's fees."). The Bank's point of error three is overruled.

■ We will now discuss the Bank's contention that its recovery of attorney's fees is authorized by the Texas Trust Code. Section 114.064 of the code reads as follows:

> In any proceeding under this code the court may make such award of costs and reasonable attorney's fees as may seem equitable and just.

Tex.Prop.Code Ann. § 114.064 (Vernon Supp. 1993). The first question we must deal with is whether the instant lawsuit constituted a proceeding under the Texas Trust Code.

In its second amended original petition, Lyco advanced a negligence cause of action against the Bank, alleging:

> The Bank owed a duty to the beneficiaries of the trust account, i.e., LYCO, to make sure that all proceeds put into the trust account as a result of the forged endorsement were ultimately distributed to LYCO. The Bank was negligent in allowing
>
> (1) The forged endorsement on the checks to occur in the first place; and
>
> (2) After the funds were on deposit in allowing the officers of JELMO to convert the funds from the trust account for their own personal benefit.

Section 114.001 of the code states that a trustee is accountable to a beneficiary for the trust property. Tex.Prop.Code Ann. § 114.-001(a) (Vernon Supp.1993). Thus, the duty owed by the Bank, as trustee, to Lyco, as beneficiary of a trust, can be said to arise out of the Texas Trust Code. Accordingly, we find that Lyco's pleading served to initiate a proceeding under the Texas Trust Code.

■ We next note that at the time the trial court rendered its summary judgment, Lyco's cause of action under the Texas Trust Code was no longer a live cause of action. In its second amended original petition, Lyco advanced two causes of action—one cause of action for conversion and the other cause of action under the Texas Trust Code. The Bank filed a *motion for summary judgment* in which it alleged that Lyco could not prevail under either cause of action. The Bank also alleged that it was entitled to an award of attorney's fees pursuant to section 114.064 of the Texas Trust Code. Attached to the Bank's summary judgment motion was the affidavit of the Bank's attorney, Don H. Reavis. Mr. Reavis detailed the work he had performed for the Bank in connection with the Lyco lawsuit and stated that reasonable and necessary attorney's fees for his work amounted to $12,756.36.

After the filing of the Bank's motion for summary judgment, but before the trial

court ruled on the motion, Lyco filed its third amended original petition in which Lyco advanced only its conversion cause of action. Lyco dropped its cause of action under the Texas Trust Code. The question before us is whether the Bank can be awarded attorney's fees for its defense of a cause of action dropped by Lyco prior to the trial court's order of summary judgment.

Although we are dealing with the dismissal of a single cause of action by a plaintiff and not a dismissal of a plaintiff's entire lawsuit, we find the rule of civil procedure dealing with dismissals and non-suits to be instructive on this issue. Rule 162 states:

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.

Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court.

Tex.R.Civ.P. 162.

We find that the Bank's claim for attorney's fees pursuant to section 114.064 of the Texas Trust Code constitutes a claim for affirmative relief. *See Falls County v. Perkins & Cullum,* 798 S.W.2d 868, 870–71 (Tex. App.—Fort Worth 1990, no writ); *Page v. Page,* 780 S.W.2d 1, 3 (Tex.App.—Fort Worth 1989, no writ); *ECC Parkway Joint Venture v. Baldwin,* 765 S.W.2d 504, 514 (Tex.App.—Dallas 1989, writ denied). Because the Bank's claim for affirmative relief is based upon specific statutory authority, it is clear that had Lyco elected to take a non-suit, the Bank could recover attorney's fees

under the provisions of Rule 162. *See Falls County v. Perkins & Cullum,* 798 S.W.2d at 870. It is only logical that the Bank be entitled to recover attorney's fees in a situation such as this where less than the entire lawsuit is dismissed. Otherwise, a plaintiff could drop with impunity any unwisely initiated cause of action that might result in an award of attorney's fees for his opponent and still maintain other causes of action. *See Terry v. Howard,* 546 S.W.2d 66, 69 (Tex.Civ. App.—Dallas 1976, no writ) (to allow a plaintiff who sues a defendant to subsequently non-suit that defendant in order to escape assessment of attorney's fees which were required because of the litigation he instituted would be manifestly unjust). We conclude that the Bank can be awarded attorney's fees under section 114.064 of the Texas Trust Code despite the fact that Lyco dropped its cause of action under the Code prior to the trial court's order of summary judgment.

■ Having determined that the Bank is not precluded from obtaining an award of attorney's fees, we must determine whether the trial court's decision not to award attorney's fees to the Bank was erroneous. It is clear that under section 114.064, the grant or denial of attorney's fees is within the sound discretion of the trial court. *See Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex. 1985); *Edwin M. Jones Oil Co. v. Pend Oreille Oil & Gas Co.,* 794 S.W.2d 442, 448 (Tex.App.—Corpus Christi 1990, writ denied); *Baldwin v. Barbon Corp.,* 773 S.W.2d 681, 686 (Tex.App.—San Antonio 1989, writ denied). We will not reverse the trial court's judgment unless there is a clear showing that the trial court abused its discretion. *Oake v. Collin County,* 692 S.W.2d at 455. The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985); *see In re Estate of Kidd,* 812 S.W.2d at 360; *A.H. Belo Corp. v. Southern Methodist Univ.,* 734 S.W.2d 720, 724 (Tex.App.— Dallas 1987, writ denied).

In our view, the trial court acted without reference to any guiding rules in determining not to award attorney's fees to the Bank.

We are cognizant of cases in which a trial court's failure to award attorney's fees to a prevailing party under a provision of the Uniform Declaratory Judgments Act similar to the provision of section 114.064 of the Texas Trust Code have been upheld. *See e.g., Oake v. Collin County,* 692 S.W.2d at 455–56; *Texstar N. Am., Inc. v. Ladd Petroleum Corp.,* 809 S.W.2d 672, 679 (Tex.App.— Corpus Christi 1991, writ denied); *Edwin M. Jones Oil Co. v. Pend Oreille Oil & Gas Co.,* 794 S.W.2d at 449; *Carr v. Bell Savings & Loan Ass'n,* 786 S.W.2d 761, 765 (Tex.App.— Texarkana 1990, writ denied). However, these cases do not stand for the proposition that a trial court never abuses its discretion in declining to award attorney's fees under a discretionary statute such as section 114.064. In *Carr,* the appellate court did not have the benefit of a statement of facts and therefore presumed there was sufficient evidence to support the trial court's determination that attorney's fees should not be awarded. Similarly, the facts in *Oake, Texstar,* and *Pend Oreille* differ from the facts of the present case.

■ When determining the reasonableness of an award of attorney's fees, the following factors should be considered: (1) the time and labor involved; (2) the nature and complexities of the case; (3) the value of the interest involved; (4) the extent of the responsibilities assumed by the attorney; and (5) the benefits resulting to the client from the attorney's services. *Edwin M. Jones Oil Co. v. Pend Oreille Oil & Gas Co.,* 794 S.W.2d at 449; *A.H. Belo Corp. v. Southern Methodist Univ.,* 734 S.W.2d at 724. In the present case, the Bank's attorney, Mr. Reavis, stated in his affidavit in support of the Bank's motion for summary judgment that

because the transactions described in the Plaintiff's pleadings occurred many years ago, in order to defend the action, counsel was required to spend considerable time with a bank officer to review the history of the multiple accounts; was required to confer with counsel for other defendants and the bank customer; was reasonably required to conduct research and review of

many records, documents, checks and the like.

Taking into consideration, among other things, the amount in controversy, the court and county in which this case pending [sic], the untimeliness of Plaintiff's action, the multiplicity of parties, the nature of the case, the pleadings on file herein and the discovery and research necessary on behalf of Defendant, through November 1, 1991, I am of the opinion that a reasonable and necessary attorneys' fees for legal work performed on behalf of the First National Bank in this case is $12,756.36, which is based upon the usual, ordinary and customary attorneys' fees in a cause of this nature. In addition to the attorneys' fees, expenses in the amount of $791.02 reasonable expenses have been incurred in representation of the First National Bank through November 1, 1991.[1]

We agree with the general tenor of Mr. Reavis' affidavit. It is apparent to us that the case was complex and involved a substantial amount of time and labor. The benefits resulting to the Bank from Mr. Reavis' services were great. No affidavit controverting the affidavit of Mr. Reavis was filed. The Bank has made a showing that the court's failure to make some award of attorney's fees was not equitable nor just.

The court abused its discretion in failing to make an award of attorney's fees to the Bank under section 114.064 of the Texas Trust Code. The Bank's points of error one and two are sustained.

Accordingly, that portion of the trial court's judgment decreeing that Lyco take nothing by its action against the Bank is affirmed. That portion of the judgment denying the Bank an award of attorney's fees is severed and reversed, and the Bank's cause of action for attorney's fees is remanded to the trial court for a determination of reasonable attorney's fees to be recovered by the Bank.

### ON MOTION FOR REHEARING

In its motion for rehearing, Lyco contends that we erred by, *inter alia,* holding that the

---

1. We note that Lyco's third amended original petition, by means of which it dropped its cause of action under the Texas Trust Code, was not filed until January 15, 1992.

trial court abused its discretion in not awarding attorney's fees to the Bank under section 114.064 of the Texas Trust Code. Lyco takes issue with our statement that "[n]o affidavit controverting the affidavit of Mr. Reavis was filed." We appreciate Lyco's bringing this to our attention for our statement was not entirely correct. As pointed out by Lyco, its attorney did file an affidavit in which it was contended that attorney's fees could not be properly recovered in the case under the Uniform Declaratory Judgments Act. As evidenced by our opinion, we agreed with that contention.

However, there is nothing in Lyco's affidavit disputing the propriety of an award of attorney's fees under section 114.064 of the Texas Trust Code. In fact, Lyco's attorney stated in the affidavit that he "did not dispute that Mr. Reavis's fees incurred for the Bank [were] reasonable up to the time of his affidavit." While we recognize that there was indeed an affidavit filed in response to Mr. Reavis' affidavit, we adhere to our original opinion in which we held that the trial court abused its discretion in failing to make an award of attorney's fees to the Bank under section 114.064 of the Texas Trust Code.

Lyco's motion for rehearing is overruled.