NO. 07-08-0451-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 20, 2009
_____


BRYAN S. HALL,

Appellant

v.

XCEL ENERGY, INC., SOUTHWESTERN PUBLIC SERVICE
COMPANY d/b/a XCEL ENERGY and DWAYNE MARCHBANKS,

Appellees

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 94392-A; HON. RICHARD DAMBOLD, PRESIDING

_____

***On Motion for Rehearing***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before the court is the motion for rehearing of Bryan S. Hall. The latter contends that we erred in concluding that he failed to address, on appeal, each ground upon which the trial court could have based its summary judgment. The ground that we noted as being unaddressed involved whether the Workers' Compensation Act provided

him his exclusive remedy against Xcel Energy, Inc. Hall now posits that he covered the matter via one sentence appearing in a footnote on page two of his brief. The footnote in question states:

> Although the state of the summary judgment record is not altogether clear on this point, for purposes of this appeal, Hall concedes that he did indeed receive workers compensation benefits and that these benefits were *likely* paid on behalf of his *likely* employer, SPS. Accordingly, Hall is not contesting the applicability of the 'exclusivity bar' as to SPS and Marchbanks and agrees with Appellees' contention that the bar would and could not otherwise be applied to Xcel Energy, Inc. – as it has no employees.

(Emphasis added). We find this footnote and the basis underlying his motion for rehearing insufficient reason to change our prior decision.

First, and at the very least, Hall implicitly concedes the accuracy of one aspect of our opinion. To the extent he "agree[d] with Appellee's contention that the bar would and could not otherwise be applied to Xcel Energy, Inc.," he recognized, by the time he filed his appellate brief, that the argument was a ground asserted in the motion for summary judgment. Having so recognized it, he had the duty to explain why it could not have formed the basis for the trial court's decision. *Lyco Acquisition 1984 Ltd. Partnership v. First Nat'l Bank*, 860 S.W.2d 117, 119 (Tex. App.–Amarillo 1993, writ denied).

Second, and at best, the footnote can be read as a somewhat equivocal comment that the Workers' Compensation Act did not apply to Xcel Energy.[1] Yet, that purported concession came during appeal. By then, Hall already had expended great effort in trying

---

[1]We consider the comment somewhat equivocal because it was preceded by the statement that the workers' compensation benefits he received were "likely" paid on behalf of his "likely" employer, SPS. Saying that he was "likely" paid by his "likely" employer, SPS, is hardly a non-equivocal admission that Xcel did not employ him.

to convince the trial court that he was indeed an employee of Xcel. So too had he provided the trial court with a litany of "evidence" to bolster that proposition. Much of that evidence was reiterated in his appellate brief, and included such things as the company's name being on his pay stubs and the representations contained in the letter offering him employment. And, as acknowledged in our original opinion, that summary judgment evidence and argument *he* proffered may well have induced the trial court to accept Xcel's contention that his sole means of redress was through Xcel's workers' compensation policy since he actually was an Xcel employee. This potentiality, in turn, obligated him to prove to us why the trial court would have been wrong had it so concluded.

Simply put, acknowledging, on appeal, that an opponent may be right does not necessarily make the trial court's decision wrong. Indeed, there have been instances where we affirmed a trial court's application of the law even though both parties agreed that it was wrong. *E.g. Finney v. State,* No. 07-99-0427-CR, 2000 Tex. App. LEXIS 3909 (Tex. App.–Amarillo June 14, 2000, no pet.) (not designated for publication). So, by attempting to prove though admirable effort a pivotal aspect of his opponent's argument (*i.e.* that he was an employee of Xcel which in turn subjected him to Xcel's workers' compensation policy), Hall assumed the appellate burden of showing as a matter of law why the trial court would have been wrong in accepting *his* own contention. And that, he did not do.

Accordingly, we deny his motion for rehearing.


Brian Quinn
Chief Justice


3