TEXARKANA NATIONAL
BANK, Plaintiff,

v.

Addys BROWN, Hazel Brown Ricks,
Brownie W. Ledbetter, Grainger
Williams II, E. Grainger Williams, June
Hoes Williams, and Quendy Veatch, De-
fendants.

No. 5:94–CV–71.

United States District Court,
E.D. Texas,
Texarkana Division.

March 8, 1996.

George L. McWilliams of Patton, Haltom,
Robers, McWilliams & Greer, L.L.P., Texar-
kana, TX, for Plaintiff.

Clark Wayne Dowd of Dowd, Harrelson, Moore & Giles, Texarkana, TX and Patrick B. Griffin, Margaret A. Falck of Kutak Rock Law Firm, Omaha, NE, for Defendants.

*MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS*

SCHELL, Chief Judge.

Before this court is Defendants' Motion for Attorney's Fees and Costs. Plaintiff filed a response, and Defendants filed a reply to the response. Upon consideration of the motion, response, reply, and memoranda of law, this court is of the opinion that Defendants' motion should be GRANTED with respect to an award of fees and costs but DENIED with respect to the amount sought in Defendants' motion.

## I. BACKGROUND

This was a declaratory judgment action brought by Texarkana National Bank ("TNB"), which sought (1) a construction of a trust created by the will of Thomas A. Brown (the "Brown Trust") and (2) a declaration that it had neither breached its duties as trustee nor been negligent in the administration of the trust. The Defendants are beneficiaries of the trust, and they filed a counterclaim alleging that TNB breached the terms of the trust or otherwise was negligent in the administration of the trust resulting in a loss of income to the trust and beneficiaries. On December 12, 1995, this action came to trial. On December 15, 1995, the jury returned a verdict awarding the Defendant beneficiaries $2,750,000 in damages. The jury found that TNB breached its trust obligations under the Brown Trust and was negligent in the management of the Brown Trust. On December 27, 1995, a judgment was entered on the docket for $2,750,000 in favor of the Defendants.

On January 10, 1996, Defendants filed their Motion for Attorney's Fees and Costs. They seek a total of $870,102.09, which is comprised of $805,670.54 in attorney's fees and $64,431.55 in costs. Defendants entered into a contingency fee agreement with their attorneys. The attorney's fees in the amount of $805,670.54 was determined by subtracting the $64,431.55 in costs from the total award of $2,750,000 (which equals $2,685,568.45), and then multiplying $2,685,568.45 by the attorney's fee of 30% (which equals $805,-670.54). In the alternative, the Defendants seek their attorney's fees in the amount of $173,652.50 calculated on an hourly basis. Defendants move for attorney's fees and costs under (1) the offer of judgment provision, Article Six (9), of the Eastern District's Civil Justice and Expense and Delay Reduction Plan (the Plan) and (2) section 114.064 of the Texas Trust Code.

TNB opposes an award of these attorney's fees and costs on several grounds. First, the Plan does not authorize an award based on a contingency fee arrangement but rather only a reasonable fee. Second, the Fifth Circuit standards for calculating a reasonable attorney's fee do not permit an outright award of a contingency fee. Third, Defendants seek attorney's fees and costs for the entire litigation rather than subsequent to TNB's rejection of the offer of judgment as provided for in the Plan. The central issue for the court to determine is what a reasonable amount of attorney's fees and costs would be to award the Defendants under the Texas Trust Code and the Plan's offer of judgment provision.

## II. APPLICABLE STANDARDS FOR ATTORNEY'S FEES AND COSTS

Section 114.064 of the Texas Trust Code provides that "[i]n any proceeding under this code the court may make such award of costs and reasonable and necessary attorney's fees as may seem equitable and just." TEXAS TRUST CODE § 114.064. Whether to award costs and attorney's fees is within the sound discretion of the court. *Lyco Acquisition 1984 Ltd. Partnership v. First Nat'l Bank of Amarillo*, 860 S.W.2d 117, 121 (Tex. App.—Amarillo 1993, writ denied). Under Texas law:

When determining the reasonableness of an award of attorney's fees, the following factors should be considered: (1) the time and labor involved; (2) the nature and complexities of the case; (3) the value of

the interest involved; (4) the extent of the responsibilities assumed by the attorney; and (5) the benefits resulting to the client from the attorney's services.

*Id.* at 122. Although the Texas Trust Code applies to this action and provides a basis for an award of attorney's fees, this court also will apply the offer of judgment provision of the Plan and the applicable Fifth Circuit standards for determining a reasonable attorney's fee.

The Plan's offer of judgment provision states:

> At the Management Conference or anytime thereafter, a party may make a written offer of judgment. If the offer of judgment is not accepted and the final judgment in the case is of more benefit to the party who made the offer by 10%, then the party who rejected the offer must pay the litigation costs incurred after the offer was rejected. In personal injury and civil rights cases involving contingent attorneys' fees, the award of litigation costs shall not exceed the amount of the final judgment. The Court may, in its discretion, reduce the award of litigation costs in order to prevent undue hardship to a party.
>
> "Litigation costs" means those costs which are directly related to preparing the case for trial and actual trial expenses, including but not limited to reasonable attorneys' fees, deposition costs and fees for expert witnesses.
>
> The party who makes an offer of judgment shall set forth the deadline by which the offer must be accepted. The deadline must be reasonable. If the offer is not accepted in writing by the deadline, the offer is deemed rejected on that day.
>
> The government's participation in this Section is not mandatory, but is permitted with the consent of the government.

Plan, Article Six (9). As the court has noted previously, "[t]he Plan's offer of judgment provision is an effective mechanism for encouraging settlement and forcing parties to take a realistic view of their cases." *Friends of the Earth, Inc. v. Chevron Chemical Co.,* 885 F.Supp. 934, 939 (E.D.Tex.1995). The Plan's offer of judgment provision is authorized by section 473(b)(6) of the Civil Justice Reform Act because the provision "facilitates the deliberate adjudication of civil cases on the merits, improves litigation management, and ensures the just, speedy, and inexpensive resolution of civil disputes." *Id.* at 938–39; see also *Craig M. Patrick,* Comment, *The Offer You Can't Refuse: Offers of Judgment in the Eastern District of Texas,* 46 BAYLOR L.REV. 1075, 1082 (1994) ("Recognizing the problems inherent in Rule 68 and authorized to reduce cost and delay, the Eastern District chose the offer of judgment as a tool to effectuate this goal.").

■ In awarding statutorily-authorized attorney's fees, district courts must follow the lodestar method to calculate a reasonable award of attorney's fees. *Longden v. Sunderman,* 979 F.2d 1095, 1099 (5th Cir.1992) (citing *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1092 (5th Cir.1982)). The Defendants argue that the lodestar method is limited to common-fund class action cases such as *Longden.* Defs.' Reply to TNB's Resp. to Defs.' Mot. for Attorney's Fees and Costs 4. The Fifth Circuit, however, has required district courts to employ the lodestar method in a wide variety of cases whenever a statute authorizes shifting of attorney's fees. *See, e.g., Chemical Mfrs. Ass'n v. U.S.E.P.A.,* 885 F.2d 1276, 1280 (5th Cir. 1989) (environment); *Islamic Ctr. of Miss., Inc. v. Starkville,* 876 F.2d 465, 467–68 (5th Cir.1989) (civil rights); *Halferty v. Pulse Drug Co., Inc.,* 821 F.2d 261, 271–72 (5th Cir.) (employment), *modified on other grounds,* 826 F.2d 2 (5th Cir.1987); *In re Lawler,* 807 F.2d 1207, 1210 (5th Cir.1987) (bankruptcy); *Micromanipulator Co., Inc. v. Bough,* 779 F.2d 255, 259 (5th Cir.1985) (copyright); *Copper Liquor,* 684 F.2d at 1092–93 (antitrust). The lodestar method governs this case because a shifting of attorney's fees would be pursuant to the statutorily-authorized offer of judgment provision of the Eastern District's Plan.

■ Under the lodestar method, the court must undertake a two-step approach. First, the court determines the lodestar by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. *Longden,* 979

F.2d at 1099. Second, the court "adjusts the lodestar upward or downward depending on the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974)." *Id.* at 1099. The Johnson factors are as follows:

> (1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed of [sic] contingent, (7) time limitations imposed by the client or the circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Longden,* 979 F.2d at 1099–1100 n. 10 (citing *Johnson,* 488 F.2d at 717–19). In awarding a reasonable attorney's fee, the court is required to (1) explain its findings and reasons in determining the award and (2) indicate how each of the twelve factors in *Johnson* affected its determination. *Copper Liquor,* 684 F.2d at 1092. The Fifth Circuit has stated: " 'What we require is not a meaningless exercise in parroting and answering of *Johnson's* twelve criteria, but some assurance that the court has arrived at a just compensation based on appropriate standards.' " *Copper Liquor, Inc. v. Adolph Coors Co.,* 624 F.2d 575, 581 (5th Cir.1980) (quoting *Davis v. Fletcher,* 598 F.2d 469, 470–71 (5th Cir.1979)). In determining whether to apply a multiplier pursuant to the *Johnson* factors, the court need not consider a factor already included in the calculation of the lodestar. *Graves v. Barnes,* 700 F.2d 220, 224 (5th Cir.1983). "In adjusting the lodestar the court must be wary of the fact that the lodestar 'is presumed to be the reasonable fee' ... and that upward adjustments of the lodestar are appropriate only 'in certain "rare" and "exceptional" cases, supported by both "specific evidence" on the record and detailed findings by the lower courts....' " *Alberti v. Klevenhagen,* 896 F.2d 927, 930 (5th Cir.1990) (citing and quoting in part *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986)), *vacated in part on reh'g,* 903 F.2d 352 (1990).

The determination of reasonable attorney's fees is left to the sound discretion of the district court. *Schwarz v. Folloder,* 767 F.2d 125, 127 (5th Cir.1985). The district court's decision in awarding or denying attorney's fees can only be disturbed for an abuse of discretion. *Copper Liquor,* 624 F.2d at 581.

## III.  DISCUSSION

The central issue for the court to determine is what a reasonable amount of attorney's fees and costs would be to award the Defendants under the Texas Trust Code and the Plan's offer of judgment provision. The court first will address the Plan's offer of judgment provision because, if this provision is applicable, a shift in fees and costs is mandatory, absent a showing of undue hardship, while any award of fees and costs under the Texas Trust Code is discretionary.

### A.  Offer of Judgment Provision

The Defendants are entitled to an award of litigation costs because their offer of judgment of $1,000,000 was rejected by TNB and the final judgment in this case was of more benefit to the Defendants by 10%. Under this offer of judgment provision, however, Defendants are entitled only to their litigation costs incurred after August 4, 1995, the date TNB rejected Defendants offer of judgment. The offer of judgment provision defines litigation costs as "those costs which are directly related to preparing the case for trial and actual trial expenses, including but not limited to reasonable attorneys' fees, deposition costs and fees for expert witnesses." Plan, Article Six (9). Although the Plan only provides for an award of reasonable attorney's fees incurred after the offer of judgment was rejected, Defendants seek a contingency fee in excess of $800,000 for the entire litigation. TNB does not dispute reasonable attorney's fees based on an hourly basis, but it vigorously opposes an award of the Defendants' contingency fee. The task before this court is to determine reasonable attorney's

fees and costs as an award under the Plan's offer of judgment provision.

The court first must determine the lodestar and then apply the *Johnson* factors to the lodestar making any appropriate adjustment. To determine the lodestar, the court multiplies the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. *Longden,* 979 F.2d at 1099. The Defendants' attorneys, associated with the law firm of Kutak Rock, expended 953 hours from August 5, 1995 through December 16, 1995 for trial preparation and trial of this case. The court has reviewed Kutak Rock's billing statements for this period and determines that this was a reasonable number of hours expended to prepare this case for trial. These hours were necessary because the case involved complex legal issues relating to breach of trust and complex factual issues relating to investment strategy for government bonds in the 1980s. With respect to the hourly rates charged by Kutak Rock, the court finds that the rates were reasonable and reflective of the rates in the community for similar work. Based on this court's experience, Kutak Rock's hourly rates are consistent with typical rates for this level of work in major-metropolitan areas. Accordingly, the lodestar is $117,858.75, which is determined by multiplying 953 hours by the various rates of attorneys and legal assistants associated with Kutak Rock.

Although the parties do not dispute an award of reasonable attorney's fees calculated on an hourly basis at Kutak Rock's normal hourly rates, the court nevertheless will apply the *Johnson* factors to the lodestar to ensure an equitable shift in fees under the Plan's offer of judgment provision. The lodestar may be adjusted by a multiplier depending on the application of the *Johnson* factors. In determining whether to apply a multiplier pursuant to the *Johnson* factors, the court need not consider a factor already included in the calculation of the lodestar. *Graves,* 700 F.2d at 224. The court now applies the *Johnson* factors to the lodestar.

1. Time and Labor Required

"The trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities." *Johnson,* 488 F.2d at 717. The court has already considered this factor in determining the lodestar, and no further consideration is necessary.

2. Novelty and Difficulty of the Issues

"Cases of first impression generally require more time and effort on the attorney's part." *Johnson,* 488 F.2d at 718. This breach of trust action was not a case of first impression. And, although there were some difficult factual issues with respect to investment strategy, the lodestar fully compensates the Defendants.

3. Skill Required to Perform the Legal Services Properly

"The trial judge should closely observe the attorney's work product, his [or her] preparation, and general ability before the court. The trial judge's expertise gained from past experience as a lawyer and his [or her] observation from the bench of lawyers at work become highly important in this consideration." *Johnson,* 488 F.2d at 718. Based on this court's own experience with attorneys over the years, the court finds that the Defendants' attorneys, as well as TNB's attorneys, were exemplary in their preparation and presentation of this case for trial. This factor, however, does not affect the lodestar because the court has already considered this factor in determining the lodestar.

4. Preclusion of Other Employment

"This guideline involves the dual consideration of otherwise available business which is foreclosed because of conflicts of interest which occur from the representation, and the fact that once the employment is undertaken the attorney is not free to use the time spent on the client's behalf for other purposes." *Johnson,* 488 F.2d at 718. Although the Kutak Rock attorneys were undeniably precluded from working on other cases by devoting time to this case, the lodestar already takes into consideration the lost opportunity costs of working on the Defendants' case.

5. Customary Fee

"The customary fee for similar work in the community should be considered." *Johnson,* 488 F.2d at 718. This factor is part of the lodestar and need not be considered again.

**6. Whether the Fee is Fixed or Contingent**

■ With respect to this factor, the *Johnson* court stated:

> The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he [or she] accepted the case.... Whether or not [the client] agreed to pay a fee and in what amount is not decisive. Conceivably, a litigant might agree to pay his [or her] counsel a fixed dollar fee. This might be even more than the fee eventually allowed by the court. Or he [or she] might agree to pay his [or her] lawyer a percentage contingent fee that would be greater than the fee the court might ultimately set. *Such arrangements should not determine the court's decision. The criterion for the court is not what the parties agreed but what is reasonable.*

*Johnson,* 488 F.2d at 718 (emphasis added). The Fifth Circuit has adopted Justice O'Connor's concurrence in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), which sets forth a two-part test for evaluating contingency fee enhancements. *Alberti,* 896 F.2d at 935. Under this test, the party claiming contingency fees must establish that (1) without an adjustment for risk the prevailing party would have faced substantial difficulties in finding competent counsel and (2) the market rate of compensation for contingency fee cases as a class was different from cases in which payment was certain, win or lose. *Id.* at 935 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. at 729–35, 107 S.Ct. at 3089–91 (O'Connor, J., concurring in part and concurring in the judgment); *Islamic Center,* 876 F.2d at 470–71).

Defendants argue: "The language of Article Six, Paragraph Nine of the Plan, read in conjunction with Article Five of the Plan, suggests a party liable for litigation costs is liable to pay the contingent attorneys' fees of a prevailing party, provided the contingent attorneys' fee agreement does not violate Article Five of the Plan." Defs.' Mot. for Attorneys' Fees and Costs 3. Although the Eastern District's Plan contemplates that parties may enter into contingency fee agreements, the offer of judgment provision and Fifth Circuit law permit only an award of reasonable attorney's fees. An award of reasonable attorney's fees may or may not include an enhancement for the contingency agreement, depending on whether the two-part test in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air* is satisfied.

In determining the lodestar in this case, the court has already determined a reasonable fee. Defendants are not entitled to an enhancement for their contingency fee agreement because they have not satisfied the two-part test in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air.* Particularly, the Defendants were collectively the beneficiaries of substantial sums of money from the Brown Trust before bringing this action. It is highly unlikely that they would have faced substantial difficulties in finding competent counsel to take their case on a fixed-fee arrangement.

Additionally, the offer of judgment rule is intended to be "an effective mechanism for encouraging settlement and forcing parties to take a realistic view of their cases." *Friends of the Earth, Inc.,* 885 F.Supp. at 939. The offer of judgment rule and its underlying policy would be frustrated if parties, like TNB, had to face the uncertainty and risk of having to pay the opposing party's contingency fee. Although an offeree-party of an offer of judgment is expected to assume the risk of reasonable attorney's fees should the offeror-party prevail at trial, an offeree-party cannot be expected to know the nature of the fee agreement between the opposing party and its counsel. Most importantly, the offeree-party should not bear a substantial risk created by the opposing counsel's contingency fee agreement with its client. If the opposing counsel, in entering into a contingency fee agreement with a client, assumes the risk of nonpayment, then any compensation that opposing counsel may ultimately receive on account of the contingency should be paid by the client—not the opposing party that did not prevail at trial. Similarly, when the prevailing client assumed the risk of having to pay its counsel a large contingency fee rather than payment by the hour, the risk assumed

by the client cannot equitably be shifted to the party that did not prevail at trial. After all, it was the client that struck the contingency fee agreement with its counsel, not the party that lost at trial.

7. Time Limitations Imposed by the Client or Circumstances

"Priority work that delays the lawyer's other legal work is entitled to some premium." *Johnson*, 488 F.2d at 718. The Defendants have not shown that their case imposed any unique time limitations on Kutak Rock that would justify a premium. Additionally, if there were any unusual time limitations placed on Kutak Rock, any additional fees charged by Kutak Rock would be included in the lodestar.

8. Amount Involved and Results Obtained

Although Kutak Rock was successful in obtaining a substantial verdict for the Defendants, the court finds that the lodestar already includes consideration of Kutak Rock's favorable results for the Defendants.

9. Experience, Reputation, and Ability of the Attorneys

"Most fee scales reflect an experience differential with the more experienced attorneys receiving larger compensation." *Johnson*, 488 F.2d at 718–19. The court has already considered this factor in determining the lodestar.

10. Undesirability of the Case

This factor is inapplicable to this case and usually applies only in the civil rights context. *See Johnson*, 488 F.2d at 719.

11. Nature and Length of the Professional Relationship With the Client

"A lawyer in private practice may vary his [or her] fee for similar work in the light of the professional relationship of the client with his [or her] office." *Johnson*, 488 F.2d at 719. The Defendants have not shown the court how this factor would affect the lodestar, and, in any event, this factor is probably considered in the hourly fees charged by Kutak Rock.

12. Awards in Similar Cases

"The reasonableness of a fee may also be considered in the light of awards made in similar litigation within and without the court's circuit." *Johnson*, 488 F.2d at 719. Based on the court's experience with business litigation, the court finds that the lodestar in this litigation is consistent with awards made in other business litigation.

Therefore, pursuant to the Plan's offer of judgment provision and in accordance with the Fifth Circuit's lodestar method, the court determines that Defendants shall be entitled to their reasonable attorney's fees in the amount of $117,858.75. This amount reflects the attorney's fees incurred after the Defendants' offer of judgment was rejected by TNB on August 4, 1995. The court also determines that the Defendants are entitled to their other reasonable-litigation costs in the amount of $57,521.81, which were incurred after August 4, 1995.

B. Texas Trust Code

The Texas Trust Code provides another independent basis for an award of attorney's fees in this case. But, unlike the court's award under the offer of judgment provision, the court can award fees for the entire litigation rather than only fees incurred after the offer of judgment was rejected. Section 114.064 of the Texas Trust Code provides that "[i]n any proceeding under this code the court may make such award of costs and reasonable and necessary attorney's fees as may seem equitable and just." TEXAS TRUST CODE § 114.064. This court determines that an award of attorney's fees and costs for the entire litigation would be equitable and just under the circumstances. After trial to a jury, the Defendants recovered money damages on findings that TNB breached the Brown Trust and was negligent in the administration of the Brown Trust.

Therefore, the court determines that the Defendants are entitled to all of their reasonable attorney's fees and costs directly related to the entire period of litigation, including the fees and costs incurred after TNB's rejection of the offer of judgment. The Defendants are entitled to an award of attorney's fees in the amount of $173,652.50 and an award of costs in the amount of $64,431.55. After reviewing the affidavit and billing statements of Kutak Rock, the court determines that its award of fees and costs is

reasonable under the lodestar method applied herein and the standards under Texas law. *See Lyco Acquisition,* 860 S.W.2d at 122. The court finds that its lodestar-method analysis of the fees incurred after August 4, 1995 is equally applicable to the fees incurred prior to that date.

## IV. CONCLUSION

Therefore, the court ORDERS that Defendants' Motion for Attorney's Fees and Costs is GRANTED with respect to an award of fees and costs but DENIED with respect to the amount sought in Defendants' motion. The court ORDERS Texarkana National Bank to pay the Defendant beneficiaries the sum of $238,084.05 ($173,652.50 plus $64,-431.55).