137 Nev., Advance Opinion 69

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CAPRIATI CONSTRUCTION CORP., INC., A NEVADA CORPORATION, Appellant, vs. BAHRAM YAHYAVI, AN INDIVIDUAL, Respondent. | No. 80107 |
| CAPRIATI CONSTRUCTION CORP., INC., A NEVADA CORPORATION, Appellant, vs. BAHRAM YAHYAVI, AN INDIVIDUAL, Respondent. | No. 80821 |

FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Consolidated appeals from a final district court judgment pursuant to a jury verdict and a post-judgment order awarding attorney fees in a tort action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

*Affirmed.*

Hutchison & Steffen, PLLC, and Michael K. Wall, Las Vegas; Law Offices of Eric R. Larsen and Eric R. Larsen, Las Vegas; Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and David S. Kahn and Mark Severino, Las Vegas, for Appellant.

Prince Law Group and Dennis M. Prince and Kevin T. Strong, Las Vegas, for Respondent.

BEFORE THE SUPREME COURT, EN BANC.

21-32277

## OPINION

By the Court, PARRAGUIRRE, J.:

In this opinion, we clarify two points of law. First, evidence of a defendant's liability insurance is admissible under NRS 48.135(2) if the defendant first introduces evidence suggesting its inability to pay a judgment. Second, a plaintiff represented on a contingency-fee basis may recover the entirety of the contingency fee as post-offer attorney fees under NRCP 68. As the district court adhered to this law when rendering its decisions, we discern no error from these proceedings and affirm.

### FACTS AND PROCEDURAL HISTORY

An employee of appellant Capriati Construction Corp., Inc., drove a forklift into a street travel lane and collided with respondent Bahram Yahyavi's vehicle, resulting in injury to Yahyavi. Yahyavi brought an action against Capriati alleging negligence, and in its answer, Capriati denied liability. Capriati then filed a petition for bankruptcy. Following the conclusion of Capriati's bankruptcy proceedings, the negligence case proceeded to trial. Prior to trial, Yahyavi served Capriati with an offer of judgment for $4 million, pursuant to NRCP 68, which Capriati rejected. In his opening statement at trial, Yahyavi told the jury that Capriati had discarded the forklift operator's employment file. Capriati did not object. Yahyavi called the forklift operator as a witness, who admitted fault. Because of conflicting schedules, two of Capriati's experts also testified during Yahyavi's case in chief. They explained that Yahyavi's damages were exaggerated.

After Yahyavi rested his case, Capriati elicited testimony that its business had filed for reorganization. Yahyavi objected and moved for sanctions on the ground that his recovery would be prejudiced by Capriati's

intentional elicitation of inadmissible evidence suggesting to the jury that it was unable to pay a judgment. Capriati asserted that it was rebutting Yahyavi's allegations of spoliation. The district court agreed with Yahyavi and, as relevant here, (1) struck Capriati's answer as to liability and disallowed its remaining witnesses to testify, and (2) instructed the jury that Capriati had liability insurance to satisfy any verdict. The jury returned a $5.9 million verdict in favor of Yahyavi.

After trial, Yahyavi moved for $2.3 million in attorney fees—his contingency fee—under NRCP 68 on the ground that the jury's verdict of $5.9 million exceeded the $4 million offer of judgment that Capriati rejected nine months before trial. The district court weighed the appropriate factors and awarded Yahyavi $2.3 million in attorney fees.

Capriati appeals, arguing that the district court erroneously (1) imposed case-concluding sanctions, (2) instructed the jury that it could consider Capriati's liability insurance, and (3) awarded Yahyavi attorney fees that were incurred before the offer of judgment was rejected.

*DISCUSSION*

*Sanctions*

Capriati argues that the district court erroneously imposed case-concluding sanctions by striking its additional witnesses. It adds that this constituted an unduly harsh sanction because it barred Capriati from showing the jury evidence that Yahyavi's damages were exaggerated. However, Capriati concedes that striking its answer as to liability was supported by substantial evidence because its employee admitted fault at trial.

We review a district court's sanctions order for an abuse of discretion. *MEI-GSR Holdings, LLC v. Peppermill Casinos, Inc.*, 134 Nev. 235, 242, 416 P.3d 249, 256 (2018). We employ "a somewhat heightened

standard of review for case-concluding sanctions." *Id.* (internal quotation marks omitted). Noncase-concluding sanctions, however, include those after which a party is still able "to defend on the amount of damages." *Valley Health Sys., LLC v. Estate of Doe*, 134 Nev. 634, 639, 427 P.3d 1021, 1027 (2018). We uphold noncase-concluding sanctions if substantial evidence supports the district court's sanction order. *Id.* "Substantial evidence is that which a reasonable mind could find adequate to support a conclusion." *Kolnik v. Nev. Emp't Sec. Dep't*, 112 Nev. 11, 16, 908 P.2d 726, 729 (1996).

The district court struck Capriati's answer as to liability. Because Capriati's employee admitted fault, the district court concluded that striking Capriati's answer as to liability alone would serve as a nominal sanction. Thus, the district court also struck Capriati's additional witnesses. Although Capriati argues that this was a case-concluding sanction, we disagree because it was still allowed to defend on the amount of damages. Specifically, Capriati presented testimony from two witnesses to show that Yahyavi's damages were exaggerated. Moreover, Capriati commented on Yahyavi's damages in its closing argument. Thus, we are unpersuaded that striking Capriati's additional witnesses amounted to a case-concluding sanction.

We further conclude that substantial evidence supported the district court's decision to strike Capriati's additional witnesses. The record shows that Capriati intentionally elicited inadmissible testimony describing its bankruptcy. *See* RPC 3.4(e) (providing that a lawyer's allusion to any matter unsupported by admissible evidence is misconduct); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (explaining "that the financial standing of the defendant is inadmissible as

evidence [to] determin[e] . . . compensatory damages"). Moreover, the record supports the district court's conclusion that striking Capriati's answer as to liability alone would serve as a nominal sanction because Capriati's employee admitted fault. Because substantial evidence supported the district court's sanctions order, it imposed sanctions within its discretion.[1]

*Jury instruction*

Capriati argues that the district court erroneously instructed the jury, "[Capriati] has liability insurance to satisfy in whole or part any verdict you may reach in this case." It argues that this instruction was prejudicial because it informed the jury that it could reach *any* verdict, which violates NRS 48.135.[2] Yahyavi argues that, once a defendant introduces evidence suggesting its inability to pay a judgment, NRS 48.135(2) allows the plaintiff to introduce evidence of the defendant's liability insurance to cure any resulting prejudice.

We review the district court's "decision to admit or refuse jury instructions for an abuse of discretion." *MEI-GSR Holdings*, 134 Nev. at 237, 416 P.3d at 253 (internal quotation marks omitted). We review

---

[1]Capriati adds that this sanction was also unduly harsh because it elicited evidence of its bankruptcy to rebut Yahyavi's allegations of spoliation. We reject this argument because Capriati could have objected to Yahyavi's opening statement, *see* NRS 47.040(1)(a), rather than eliciting inadmissible evidence regarding its bankruptcy. We further reject Capriati's unsupported argument that a lay juror would not understand that the term "reorganization" is synonymous with bankruptcy.

[2]Insofar as Capriati argues that this jury instruction was an improper sanction, we conclude that it was a proper curative instruction, given Capriati's misconduct. *See BMW v. Roth*, 127 Nev. 122, 133, 252 P.3d 649, 656 (2011) (explaining that a curative instruction may be issued as a sanction).

whether the instruction "accurately states Nevada law" de novo. *Id.* at 238, 416 P.3d at 253 (internal quotation marks omitted).

We have not addressed whether evidence of a defendant's liability insurance is admissible under NRS 48.135(2) after the defendant introduces evidence suggesting its inability to pay a judgment. We interpret a statute consistently with its plain meaning. *See Leven v. Frey*, 123 Nev. 399, 403, 168 P.3d 712, 715 (2007). Turning to the statutory text,

> 1. Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully.
>
> 2. This section does not require the exclusion of evidence of insurance against liability when it is relevant for another purpose, such as proof of agency, ownership or control, or bias or prejudice of a witness.

NRS 48.135. We have explained that NRS 48.135(2) "use[s] 'such as' to introduce a nonexclusive list." *Bigpond v. State*, 128 Nev. 108, 115 n.5, 270 P.3d 1244, 1248 n.5 (2012). Thus, under the plain meaning of NRS 48.135(2), evidence of liability insurance may be admissible in situations other than those expressly listed in the statute.

Persuasive authorities lead us to conclude that evidence of a defendant's liability insurance is admissible under NRS 48.135(2) if the defendant first introduces evidence suggesting its inability to pay a judgment. *See Wheeler v. Murphy*, 452 S.E.2d 416, 426 (W. Va. 1994) ("[O]nce the defendant offers evidence of his financial status to influence the jury . . . , then the plaintiff may rebut such evidence by introducing proof of the defendant's liability insurance."); *see also Younts v. Baldor Elec. Co., Inc.*, 832 S.W.2d 832, 834 (Ark. 1992) (holding the same).

Capriati first introduced evidence of its bankruptcy, thereby suggesting that it was unable to pay a judgment in favor of Yahyavi. Thus, to cure the resulting prejudice, the district court appropriately instructed the jury that Capriati had liability insurance to satisfy any judgment. This instruction accurately states Nevada law, and the district court therefore acted within its discretion.[3]

*Attorney fees*

Capriati argues that the district court erroneously awarded Yahyavi $2.3 million in attorney fees—the 40-percent contingency fee from the $5.9 million verdict—after Capriati rejected a $4 million offer of judgment nine months before trial. Capriati asserts that the plain meaning of NRCP 68 requires the district court to analyze which fees were incurred after the offer of judgment was rejected. It further argues that, when the plaintiff is represented on a contingency basis, district courts should apply the lodestar method to apportion NRCP 68 fees to those earned post-offer. Yahyavi argues that Nevada precedent interpreting NRCP 68 allows a party to collect the entire contingency fee as post-offer attorney fees because the contingency fee does not vest until the plaintiff prevails.

This court "review[s] an award of attorney fees for an abuse of discretion." *Logan v. Abe*, 131 Nev. 260, 266, 350 P.3d 1139, 1143 (2015).

---

[3]We reject Capriati's argument that this instruction was erroneous because it told jurors that Capriati's insurance could satisfy any verdict. Although such language could be improper in other cases, the language used here was warranted to cure the prejudicial effect of Capriati's misconduct. We also reject Capriati's argument that this instruction was improper under the collateral-source rule, which bars evidence showing that an injured party received a collateral payment. *See Khoury v. Seastrand*, 132 Nev. 520, 538, 377 P.3d 81, 93-94 (2016). Because Capriati was the tortfeasor, this rule is inapplicable.

In exercising that discretion, the district court must make findings under the *Beattie* and *Brunzell* factors. *See Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983); *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). Under *Beattie*, the district court considers

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

99 Nev. at 588-89, 668 P.2d at 274. Under *Brunzell*, the district court considers

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

85 Nev. at 349, 455 P.2d at 33. Insofar as an attorney-fees award invokes a question of law, we review it de novo. *See In re Estate & Living Tr. of Miller*, 125 Nev. 550, 553, 216 P.3d 239, 241 (2009).

Under NRCP 68(f)(1)(B), if an offeree rejects an offer of judgment and fails to obtain a more favorable judgment, the offeree must pay "reasonable attorney fees, if any be allowed, *actually incurred* by the offeror *from the time of the offer*." (Emphases added.) NRCP 68 "authorize[s] a party who makes an offer of judgment that is not improved

SUPREME COURT
OF
NEVADA

(O) 1947A

8

upon to recover the reasonable attorney fees and costs incurred after the offer of judgment was made." *Logan*, 131 Nev. at 265, 350 P.3d at 1142.

District courts may award NRCP 68 attorney fees based on a contingency-fee agreement without billing records so long as the party seeking fees satisfies the *Beattie* and *Brunzell* factors. *O'Connell v. Wynn Las Vegas, LLC*, 134 Nev. 550, 562, 429 P.3d 664, 673 (Ct. App. 2018). Consistent with NRCP 68's plain meaning, the court of appeals in *O'Connell* explained that NRCP 68 attorney fees based on a contingency-fee agreement must be "limited to those fees earned post-offer." *Id.* However, *O'Connell* did not address whether a party may recover the entirety of the contingency fee as post-offer attorney fees. *Id.*

We now clarify that a district court may award the entire contingency fee as post-offer attorney fees under NRCP 68 because the contingency fee does not vest until the client prevails.[4] *See Grasch v. Grasch*, 536 S.W.3d 191, 194 (Ky. 2017) (holding that "the attorney does not possess a vested right to the actual contingent fee itself until the case is won or settled"); *see also Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 562 (Tex. 2006) (holding the same). A contingency fee is contingent on the plaintiff prevailing, which will happen only *after* an offer of judgment is rejected—never before. Our holding is consistent with public policy justifications supporting contingency-fee agreements, *see O'Connell*, 134 Nev. at 559-60, 429 P.3d at 671-72, as the contingency-fee-based award properly serves as a punishment for rejecting a reasonable offer of

---

[4]We reject Capriati's argument that the lodestar method is necessary to apportion an award of NRCP 68 attorney fees based on a contingency-fee agreement. *See Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 864, 124 P.3d 530, 549 (2005) (explaining district courts are "not limited to one specific approach" in determining reasonable attorney fees).

Supreme Court
OF
Nevada

(O) 1947A

judgment, *see MEI-GSR Holdings*, 134 Nev. at 245, 416 P.3d at 258 (explaining that one purpose of NRCP 68 is to punish parties for not accepting a reasonable offer of judgment). We reiterate that a party seeking NRCP 68 attorney fees based on a contingency-fee agreement must still satisfy the *Beattie* and *Brunzell* factors.

Based on our holding, the district court did not err by concluding that Yahyavi was entitled to recover the entirety of his contingency fee under NRCP 68. The district court methodically weighed the *Beattie* and *Brunzell* factors and concluded that the attorney fees were reasonable. Based on this record, we conclude that the district court's application of the *Beattie* and *Brunzell* factors does not constitute an abuse of discretion. Thus, we affirm the attorney-fees award.[5]

## CONCLUSION

Evidence of a defendant's liability insurance is admissible under NRS 48.135(2) if the defendant first introduces evidence suggesting its inability to pay a judgment. Moreover, a plaintiff represented on a contingency-fee basis may recover the entirety of the contingency fee as post-offer attorney fees under NRCP 68, so long as that party satisfies the *Beattie* and *Brunzell* factors. We conclude that Capriati has presented no

---

[5]Insofar as Capriati argues that the district court's application of the *Beattie* and *Brunzell* factors constitutes an abuse of discretion, we decline to address this argument because Capriati did not cite the record to support any of its fact-based assertions, including those pertaining to whether its decision to proceed to trial was in bad faith. *See* NRAP 28(a)(10)(A); *Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 997, 860 P.2d 720, 725 (1993) ("This court need not consider the contentions of an appellant where the appellant's opening brief fails to cite to the record on appeal."). Thus, we cannot conclude that the district court abused its discretion.

SUPREME COURT
OF
NEVADA

(O) 1947A

meritorious claims of error. Likewise, Capriati has not shown that the district court's sanctions order constitutes an abuse of discretion. Because the district court correctly applied Nevada law, we affirm the final judgment and attorney-fees order.[6]

_____, J.
Parraguirre

We concur:

_____, C.J.
Hardesty

_____, J.
Cadish

_____, J.
Silver

_____

[6]The district court also denied Capriati's motions for a new trial and to retax costs. In Capriati's notice of appeal, it states that Capriati is also appealing these post-judgment orders. However, Capriati's briefs provided no argument as to these motions, and therefore we affirm them. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that arguments unsupported by citations to relevant authority need not be considered by this court).

HERNDON, J., with whom STIGLICH and PICKERING, JJ., agree, concurring in part and dissenting in part:

I concur with the decision to affirm the district court's sanctions order and jury instruction. I disagree, however, with the majority's conclusion that the district court properly exercised its discretion in awarding the entirety of the contingency fee under NRCP 68 in the manner in which the district court did so in the underlying case.

As the majority recognizes, NRCP 68 provides for awards of post-offer attorney fees only. *Logan v. Abe*, 131 Nev. 260, 265, 350 P.3d 1139, 1142 (2015). In determining whether awarding such fees is appropriate, a district court must first consider the factors laid out in *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983), and *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 81, 319 P.3d 606, 615-16 (2014). The fourth *Beattie* factor specifically requires the district court to consider whether the attorney fees sought "are reasonable and justified in amount." *Beattie*, 99 Nev. at 589, 668 P.2d at 274. Other jurisdictions have concluded that a district court cannot determine the reasonableness of attorney fees actually incurred post-offer based solely on a contingency-fee agreement. *Cooper v. Thompson*, 353 P.3d 782, 798-99 (Alaska 2015); *Ga. Dep't of Corr. v. Couch*, 759 S.E.2d 804, 815 (Ga. 2014); *cf. Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989) (concluding that a contingency-fee agreement can be a factor in determining the reasonableness of an attorney-fee award but is not singularly determinative).

The majority concludes that an award of the entirety of the contingency fee is reasonable because a client who has agreed to a contingency-fee agreement has not incurred any attorney fees until the

SUPREME COURT
OF
NEVADA

(O) 1947A

judgment is entered, which occurs after the NRCP 68 offer. However, those fees begin to be *earned* at the inception of the case, when the attorney's representation of the client begins, and they continue to be earned throughout the pendency of the case. They do not materialize only upon entry of the judgment. Thus, while fees are not yet *owed* by the client at the time of offer, they have clearly been accrued by the attorney. Indeed, under the attorney's contingency-fee agreement with the client, if the attorney is unsuccessful, the attorney alone is responsible for those fees. *See Couch*, 759 S.E.2d at 817 (recognizing that there is a "common sense understanding that attorneys are accruing reasonable fees as they work on a case; they simply are not entitled to collect the amount of fees agreed to under a contingency fee contract *from their client* until the conditions of the contract have been met").

This court has previously recognized that recoverable post-offer fees are not limited to those incurred by the client. *Logan v. Abe*, 131 Nev. 260, 265-66, 350 P.3d 1139, 1142-43 (2015) ("Because the statute[ ] [is] limited to the costs incurred rather than the party who pays them, we therefore hold that . . . NRCP 68 allow[s] a party to recover qualifying attorney fees and costs that were paid on its behalf by a third party."). Therefore, even if the client does not owe payment for his or her attorney fees until judgment is entered, those fees have been accrued by the attorney, and it is unreasonable to require the offeree party to be responsible for the entirety of the contingency fee when NRCP 68 only permits recovery of fees incurred "from the time of the offer." NRCP 68(f)(B).

Moreover, it would be unfair to require the offeree party to pay the entirety of the contingency fee when the offeree was unaware of the private contingency-fee agreement when he or she rejected the offer of

judgment. *Cooper*, 353 P.3d at 798 (recognizing that an offeree cannot undertake an accurate risk-benefit analysis of accepting or rejecting an offer of judgment and potentially being liable for the opposing party's attorney fees when the offeree is unaware of the agreed-upon fees in a private contract); *see also Texarkana Nat'l Bank v. Brown*, 920 F. Supp. 706, 711 (E.D. Tex. 1996). A contingency-fee agreement "is a gamble for both the lawyer and the client, because the value of the professional services actually rendered by the lawyer may be considerably higher or lower than the agreed-upon amount, depending on how the litigation proceeds." *Couch*, 759 S.E.2d at 816. The offeree should not be forced to bear the risk the opposing party and his or her counsel agreed to when the offeree was not subject to that agreement. The *Texarkana* court aptly described why shifting the burden to the offeree to cover the entirety of the contingency fee is unreasonable:

> If the opposing counsel, in entering into a contingency fee agreement with a client, assumes the risk of nonpayment, then any compensation that opposing counsel may ultimately receive on account of the contingency should be paid by the client—not the opposing party that did not prevail at trial. Similarly, when the prevailing client assumed the risk of having to pay its counsel a large contingency fee rather than payment by the hour, the risk assumed by the client cannot equitably be shifted to the party that did not prevail at trial. After all, it was the client that struck the contingency fee agreement with its counsel, not the party that lost at trial.

920 F. Supp. at 711-12. Thus, without additional evidence supporting a contingency-fee-based award, a district court cannot find that awarding the entirety of the contingency fee as post-offer attorney fees under NRCP 68 is reasonable.

Further, the district court erred in finding that "there is no way to reasonably divide a contingency fee." While *O'Connell v. Wynn Las Vegas, LLC*, concluded that a district court cannot deny attorney fees because an attorney working on a contingency-fee basis does not submit hourly billing records, the court of appeals recognized that in order to satisfy the *Beattie* and *Brunzell* factors, an attorney would have to submit some sort of evidence demonstrating the reasonableness of the fees sought. 134 Nev. 550, 558, 562, 429 P.3d 664, 670, 673 (Ct. App. 2018). While a contingency-fee agreement may be "a guidepost to the reasonable value of the services the lawyer performed, . . . [it] is not conclusive, and it cannot bind the court in determining that reasonable value." *Couch*, 759 S.E.2d at 816. This can work both ways, as there may be times when the contingency fee does not reflect the fees incurred by the attorney and a larger or a smaller award may be necessary, as demonstrated with additional evidence or a lack thereof. *Id.* (recognizing that a larger award may be necessary when the opposing party is "unnecessarily litigious or otherwise [fails] to follow the law governing civil litigation in a sanctionable way"). If a party is seeking recovery of post-offer attorney fees, that party has the burden to provide support for the reasonableness of the fees sought, which may include the contingency-fee agreement but should also include additional evidence or argument.[1] *See O'Connell*, 134 Nev. at 561-62, 429 P.3d at 672-

---

[1]The majority recognizes that there must be different approaches available to district courts in determining reasonable attorney fees. However, by concluding it is appropriate to award the entirety of the contingency fee post-offer, the majority is either (1) limiting the district court's ability to determine reasonable attorney fees under NRCP 68 when there is a contingency-fee agreement by requiring the entirety of the contingency fee to be awarded in these circumstances, or (2) discouraging

73 (recognizing that there are ways to determine the reasonableness of attorney fees sought by the party besides hourly billing records).

Therefore, I conclude that the district court abused its discretion by awarding the entirety of the contingency fee as post-offer attorney fees under NRCP 68 without additional support demonstrating the reasonableness of those attorney fees having been incurred post-offer. Accordingly, I dissent and would reverse and remand the award of attorney fees to the district court so that it can determine what fees were reasonably incurred post-offer.

_____, J.
Herndon

We concur:

_____, J.
Stiglich

_____, J.
Pickering

attorneys from keeping accurate records of their time spent on contingency-fee cases so that they can seek the entirety of the contingency fee under NRCP 68 on the ground that they lack any evidence, other than the contingency-fee agreement itself, to demonstrate what fees were reasonably incurred post-offer, see O'Connell, 134 Nev. at 562 n.7, 429 P.3d at 673 n.7 (recognizing that the best practice for an attorney working on a contingency-fee case is "to keep hourly statements or timely billing records to later justify the requested fees").